United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41722
Summary Calendar

UNITED STATES OF AMERICA,

                                                    Plaintiff-
                              Appellee,

                    versus

JULIO ZUNIGA-ZUNIGA,

                                                    Defendant-
                              Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-600-ALL
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Julio Zuniga-Zuniga appeals from his guilty-plea conviction for being an alien present in

the United States following a prior deportation for an aggravated felony.  *See* 8 U.S.C. § 1326(a)

& (b).  Zuniga's waiver-of-appeal provision does not bar this appeal because the record reflects

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the magistrate judge who administered Zuniga's plea erroneously described the waiver-of-appeal provision. *See* FED. R. CRIM. P. 11(b)(1)(N).

Zuniga argues that the district court erred in assigning a 16-level increase to his offense level based upon a prior conviction for second degree assault that occurred in Kentucky. This issue is reviewed de novo as Zuniga raised it in the district court. *See United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

The Government concedes that the district court erred in assigning the 16-level increase because the record does not conclusively establish that the prior conviction qualifies as a "crime of violence" under U.S.S.G. 2L1.2(b)(1)(A)(ii)(Nov. 2004). Accordingly, Zuniga's sentence is vacated and remanded.

Zuniga also argues for the first time on appeal that the district court erred in sentencing him using and unconstitutional mandatory Sentencing Guideline regime in violation of *United States v. Booker*, 125 S. Ct. 739 (2005). Zuniga's argument will not be addressed in light of this court's remand for resentencing. *See United States v. Southerland*, 405 F.3d 263, 270 (5th Cir. 2005).

VACATE and REMAND.